| | |
|---|---|
| DISTRICT COURT, Adams COUNTY, STATE OF COLORADO<br><br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: October 10, 2023 9:56 AM<br>FILING ID: 2DBABB88BA946<br>CASE NUMBER: 2023CV31426 |
| **Plaintiff:**   **Grace Collings**<br><br>v.<br><br>**Defendant:  Walmart Inc.** | ∇ COURT USE ONLY ∇<br>_____ |
| Alexander F. Beale, Reg. No. 52430<br>Beale Legal Counselors, LLC<br>3900 E. Mexico Ave, Suite 300<br>Denver, CO 80210<br>Phone: 303-626-7100<br>Email: alex@bealelegal.com<br><br>Rebecca Burton Aldrich<br>Burton & Burton, LLC<br>903 N. Cleveland Ave<br>Loveland, Colorado 80537<br>Phone:<br>Fax:<br>Email:   becky@burtonandburtonlaw.com<br>*Attorneys for Plaintiff* | Case No.<br><br>Div/Ctrm: |
| **COMPLAINT** ||

Grace Collings, by and through her attorneys, Beale Legal Counselors, LLC and Burton & Burton, LLC, for her Complaint against the Defendant, Walmart Inc. ("Defendant"), states and alleges as follows:

### I.   **Parties, Jurisdiction, and Venue**

1. Plaintiff Grace Collings is an individual and resident of the State of Colorado.

2. Defendant Walmart Inc. is a corporation formed under the laws of Delaware with headquarters in Bentonville, Arkansas, and, at all relevant times hereto, conducted business in the State of Colorado.

3. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124, as the incident underlying this action occurred within Adams County, State of Colorado.

4. Venue is proper in this action pursuant to C.R.C.P. 98(c)(5), as the incident underlying this action occurred within Adams County, State of Colorado.

II. **General Allegations**

5. Ms. Collings reasserts, realleges, and incorporates by reference each and every prior allegation as if fully set forth herein.

6. On February 28, 2021, Ms. Collings entered the Defendant's branch located at 5990 Dahlia St., Commerce City, Colorado (the "Property").

7. At all relevant times, Ms. Collings was an "invitee" on the Property.

8. On February 28, 2021, Ms. Collings entered the Property to do some shopping and visit the customer service section for assistance.

9. On February 28, 2021, snow had accumulated at the entrances/exits of the Property.

10. On February 28, 2021, Ms. Collings first stopped at the customer service station.

11. Ms. Collings remembered she needed to make a purchase before getting assistance from the customer service station.

12. Ms. Collings left the customer service station area and began shopping.

13. Ms. Collings then returned to the customer service station.

14. As she approached the customer service station, Ms. Collings stepped and slipped on a puddle of accumulated liquid.

15. As a result, Ms. Collings fell, landing on her left side and hitting her head on the floor.

16. As a result of her fall, Ms. Collings was injured.

17. At the time of her fall, the puddle of liquid was not readily visible to Ms. Collings.

18. At the time of her fall, no written warning was posted near the puddle of liquid to warn the public, including Ms. Collings, that the floor under the liquid was unsafe.

19. The puddle of liquid did not come about suddenly or quickly.

20. Upon information and belief, the puddle of liquid accumulated throughout the day as people walked into the Property.

21. Upon information and belief, people walking into the Property brought snow into the Property, which subsequently melted and pooled into the puddle of liquid upon which Ms. Collings fell.

### First Claim for Relief
### Violation of C.R.S. § 13-21-115 against Walmart Inc.

22. Plaintiff reasserts, realleges, and incorporates by reference each prior allegation as if fully set forth herein.

23. At all times relevant hereto, Defendant was a "landowner" as contemplated by C.R.S. § 13-21-115 where, *inter alia*, Defendant was in possession of the Property and otherwise was legally responsible for the condition of the Property or the activities conducted or circumstances on the Property.

24. The puddle of liquid was a dangerous condition posing an unreasonable risk to the health or safety of the public, including Ms. Collings.

25. Defendant had a duty to maintain the Property in a reasonably safe condition.

26. Defendant Walmart Inc. had a duty to restore the Property to a reasonably safe condition.

27. The puddle of liquid was a dangerous condition posing an unreasonable risk to the health or safety of the public, including Ms. Collings.

28. Defendant knew or should have known of the puddle of liquid and the risks it posed.

29. Had Defendant exercised reasonable diligence in maintaining and inspecting the Property, it would have discovered the puddle of liquid and the risks it posed.

30. Defendant had a duty to the public, including Ms. Collings, to remedy the known risks posed by the puddle of liquid or warn the public of the dangerous condition.

31. Defendant failed to remedy the known risks posed by the puddle of liquid or warn the public of the dangerous conditions.

32. By failing to remedy the known risks posed by the puddle of liquid or warn the public of the dangerous condition, Defendant breached its duty to the public, including Ms. Collings.

33. Defendant's breaches of its duties to the public, including Ms. Collings, constituted an unreasonable failure to exercise reasonable care.

34. As a direct and proximate result of the acts and omissions of Defendant, Ms. Collings suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical and rehabilitation expenses, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

## Second Claim for Relief
## Negligence against Walmart Inc.

35. Plaintiff reasserts, realleges, and incorporates by reference each prior allegation as if fully set forth herein.

36. Defendant had a duty to Ms. Collings to maintain the property in a reasonably safe condition.

37. Defendant had a duty to warn Ms. Collings of the dangerous condition and risks posed by the puddle of liquid.

38. Defendant had a duty to Ms. Collings to remedy the puddle of liquid so as to prevent it from posing an unreasonable risk to Ms. Collings.

39. Defendant breached its duty to Ms. Collings when it failed to remediate the unreasonably dangerous condition and risks posed by the puddle of liquid.

40. Defendant breached its duty to Ms. Collings when it failed to warn her of the unreasonably dangerous condition and risks posed by the puddle of liquid.

41. As a direct and proximate result of the negligence of Defendant, Ms. Collings suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical and rehabilitation expenses, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against Defendant and in favor of Plaintiff in an amount to be proven at the time of trial or hearing, as will reasonably compensate her for her losses and damages; including her economic damages, personal injuries, non-economic damages, physical impairment and for costs of this action; for expert witness fees; for interest as allowed by law; for attorney's fees; and for such other and further relief as the Court deems just and proper.

DATED this 5th day of October, 2023.

Respectfully submitted,

BEALE LEGAL COUNSELORS
*/s/ Alexander F. Beale*
Alexander F. Beale, No. 52430

BURTON & BURTON
*/s/ Rebecca Burton Aldrich*
Rebecca Burton Aldrich, No.

*Attorneys for Plaintiff*

*Plaintiff's Address:*
4684 York Street
Denver, CO 80216

*\*In accordance with C.R.C.P. 121 § 1-26(9) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*